IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIHAD N. MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:10-CV-1190-AKK-PWG |
| | ) | |
| JEFFERSON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The magistrate judge filed a report and recommendation on October 20, 2010, recommending that plaintiff's claims against the Jefferson County Jail, First Indeed Ministries, Rev. Wayne Counts and the Alabama Justice Ministries be dismissed. It was further recommended that plaintiff's First Amendment claims against Mike Hale, Deputy Deramus, Deputy Kilgore and Deputy Dansby be referred to the magistrate judge for further proceedings. The plaintiff filed objections to the dismissal of Rev. Counts, the First Indeed Ministries and the Alabama Justice Ministries.

The magistrate judge recommended that Rev. Counts, the First Indeed Ministries and the Alabama Justice Ministries be dismissed because these defendants are not state actors and the plaintiff had not alleged that they conspired with a state actor to violate his constitutional rights. The plaintiff argues that it is apparent that Sheriff Hale, the First Indeed Ministries, Rev. Count and the Alabama Justice Ministries had an agreement because they are the only ones allowed to have and conduct religious services in the jail.

Allegations of conspiracy must be specific and based upon facts rather than conclusions. *Fullman v. Graddick,* 739 F.2d 553 (11th Cir. 1984). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed . . . . A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Id.* at 557. The plaintiff has alleged no facts in support of his conspiracy claim except to say that it is self evident. The plaintiff who is attempting to prove a § 1983 conspiracy must show that the parties "reached an understanding" to deny the plaintiff his or her rights. *Addickes v. S.H. Kress& Co.*, 398 U.S. 144, 152 (1970). Plaintiff must show some evidence of an agreement between the defendants. *Bailey v. Bd. of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir. 1992). The plaintiff's allegations are merely a conclusory and these defendants are due to be dismissed.

The plaintiff also claims that, contrary to the statement of the magistrate judge, he made several requests to have Jumuah Services and on each occasion he was told that Islamic services were not allowed in the Jefferson County Jail. The plaintiff will be allowed to file an amended complaint in which he can provide the details of his requests, prior to the entry of an order for special report.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the magistrate judge's recommendation is ACCEPTED. It is therefore ORDERED, ADJUDGED, and DECREED that all of plaintiff's claims in this action except the plaintiff's First Amendment claims against Mike Hale, Deputy Deramus, Deputy Kilgore and

Deputy Dansby are DISMISSED pursuant to 28 U.S.C. § 1915A(b).  It is further ORDERED  that

the  claims are REFERRED to the magistrate judge for further proceedings.


DATED this 22nd day of November, 2010.


_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE